IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVE THOMAS,<br>Plaintiff, | : | |
| vs. | : | CIVIL ACTION 17-0318-CG-N |
| ALFIE PACHEO, *et al.,*<br>Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Dave Thomas, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. General Local Rule 72(a)(2)(R), and is now before the court following the undersigned's notification of intent to recommend summary judgment for the remaining unserved defendant, Officer Calvin Wilson, pursuant to Federal Rule of Civil Procedure 56(f)(3). After a thorough review of the record, and having no objections filed to the court's Rule 56(f)(3) notice, the undersigned now recommends to the presiding District Judge that summary judgment be granted *sua sponte* in favor of Defendant Officer Calvin Wilson.

Plaintiff Thomas brought this § 1983 action against Lieutenant Alfie Pacheo, Corrections Officer Calvin Wilson, Warden Cynthia Stewart, Corizon Health Care, Nurse Charlene Kilpatrick, Director of Nursing at Fountain Correctional Facility

Jacqueline Simmons, and Dr. Karen Stone for lack of security and denied or delayed medical treatment following an inmate assault while incarcerated at J.O. Davis Correctional Facility. Defendants were served with the suit and answered the same, with the exception of Defendant Calvin Wilson. (Docs. 33-36). The court converted Defendants' answers and special reports into a motion for summary judgment (Doc. 42), and on June 10, 2019, the undersigned entered a report and recommendation (Doc. 60), *inter alia*, that summary judgment be granted in favor of Defendants Pacheo, Stewart, Corizon, Simmons, Kilpatrick, and Stone.

The report also notified Plaintiff, pursuant to Federal Rule of Civil Procedure 56(f)(3), of the court's intent to recommend summary judgment in favor of the unserved defendant, Officer Calvin Wilson, on all claims raised. The court explained in its report that Plaintiff Thomas presented no additional allegations or differing facts as to his claims against Defendant Wilson than those presented against Defendant Pacheo regarding the acts of denial of medical care and failure to protect or provide adequate security. Thus, the court maintained its analysis of the allegations against Defendant Wilson would be identical to those of Defendant Pacheo to whom summary judgment was granted. Plaintiff Thomas was notified of the court's intention to recommend summary judgment in favor of Defendant Officer Wilson, and its reasoning for so doing. Plaintiff was instructed that he had fourteen days to object to the report and recommendation, and to submit "any reasons that should preclude the entry of summary judgment on behalf of Defendant Calvin Wilson" (Doc. 60 at 27), or the undersigned would recommend

to the District Judge that summary judgment be granted in favor of Wilson, and a final judgment be entered in this case without trial.

Plaintiff Thomas filed objections to parts of the recommendation entered June 10, 2019 (*see* Docs. 66, 67, 68), but he did not object to the notice of intent to recommend summary judgment in favor of Wilson, nor did he file any additional materials elaborating on his claims against Wilson. Over Plaintiff Thomas's objections, the District Judge adopted the report and recommendation on September 19, 2019 (Doc. 69).

Therefore, the undersigned hereby incorporates by reference and adopts the analysis of the previous report and recommendation (Doc. 60), and recommends that, pursuant to Federal Rule of Civil Procedure 56(f)(3), summary judgment be entered in favor of Defendant Calvin Wilson on all claims and that Plaintiff Thomas's complaint be dismissed in its entirety with prejudice.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and

legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this the 20th day of September 2019.

*/s/ Katherine P. Nelson*
UNITED STATES MAGISTRATE JUDGE